E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-547-GHK (RCx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | U.S. Bank National Ass'n. as Trustee v. Tonie Matlock | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers) Order to Show Cause and Notice of Procedural Defect

    On January 23, 2009, Defendant Tonie Matlock ("Defendant") removed the above-titled action to this Court. According to the Notice of Removal, the action was originally filed on July 28, 2008, in California superior court and Defendant was allegedly served with the Complaint on "July 27, 2008." Notice of Removal ¶ 2. The Notice of Removal states that we have federal question jurisdiction because the Complaint arises under the Real Estate Settlement and Procedures Act, the Federal Fair Debt Collection Practices Act, and the Racketeer Influenced Corrupt Organizations Act.

    As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

    **I.**     **Federal Question Jurisdiction**

    We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation omitted). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc*., 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim" and "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynergy, Inc*., 367 F.3d at 838 (internal quotation omitted). Here, it appears from the Complaint that Defendant's bases for arising under jurisdiction do not arise under the Complaint, but may be potential defenses Defendant plans to assert.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-547-GHK (RCx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | U.S. Bank National Ass'n. as Trustee v. Tonie Matlock | | |

//
//

### II. Potential Procedural Defect in Removal and Plaintiff's Right to File Motion for Remand

Removal must be effected "within thirty days after receipt by the defendant . . . of a copy of the initial pleading," or, "[i]f the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

It is apparent from the Notice of Removal that this case was not removed within thirty days of Defendant being served with the Complaint. If the case stated by the initial pleading was removable, or if the paper from which it could first be ascertained that the case was removable was received by Defendant more than thirty days prior to removal, the Notice of Removal would be procedurally, though not jurisdictionally, defective.

In *Kelton Arms Condominium Owners Ass'n., Inc. v. Homestead Insurance Co.*, 346 F.3d 1190 (9th Cir. 2003), the Ninth Circuit held that a district court does not have authority to remand a case *sua sponte* for a non-jurisdictional procedural defect under 28 U.S.C. § 1447(c). *Id.* at 1193. "[P]rocedural requirements exist primarily for the protection of the parties." *Id*. at 1192. A plaintiff may waive the procedural requirements in section 1446(a) if the plaintiff wishes "to remain in federal court even though he or she originally filed in state court." *Id.*

In the event that Plaintiff wishes to preserve the right to object based upon any procedural defects in the Notice of Removal, Plaintiff **MUST** do so by filing an appropriate motion for remand on or before February 22, 2009. *See* 28 U.S.C. § 1447(c). The meet and confer requirement of Local Rule 7-3 is waived for this potential motion only

### III. Conclusion

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE DAYS**, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction.

Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction..

**IT IS SO ORDERED.**

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-547-GHK (RCx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | *U.S. Bank National Ass'n. as Trustee v. Tonie Matlock* | | |

|  |  |  |
|---|---|---|
|  | 0 : 00 |  |
| Initials of Deputy Clerk | Bea |  |